IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JAMES PRESTON SMITH,**

                     **Petitioner,**

        **v.**                                     **CASE NO. 06-3004-RDR**

**UNITED STATES, et al.,**

                     **Respondents.**

**O R D E R**

This matter is before the court on a petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2241 by a prisoner in federal custody. Petitioner complains that he has been housed in the Special Housing Unit of the United States Penitentiary-Leavenworth since August 2003 and that the Bureau of Prisons (BOP) refuses to explain this placement or to provide him with grievance forms.

Because the claim concerning petitioner's housing assignment implicates his conditions of confinement rather than the execution of his sentence, this matter may proceed, if at all, as a civil rights action. See United States v. Furman, 112 F.3d 435, 438-39 (10th Cir. 1997)(contrasting claims concerning execution of sentence which should be brought under § 2241 with challenges to conditions of confinement which should be brought

pursuant to civil rights laws). Accordingly, the court will direct the clerk of the court to transmit to petitioner a form pleading for a civil rights action to allow him to proceed in the proper action.

Next, before a civil rights action may proceed, a prisoner must exhaust available administrative remedies. 42 U.S.C. § 1997e(a). In the Tenth Circuit, the plaintiff has the burden of pleading exhaustion of administrative remedies, and "a prisoner must provide a comprehensible statement of his claim and also either attach copies of administrative proceedings or describe their disposition with specificity." Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1211 (10th Cir. 2003). Petitioner's bare claim that the BOP will not provide him with forms is insufficient to satisfy this requirement, and therefore, he must provide a full explanation of his efforts to obtain grievance materials when he submits the civil rights complaint.

IT IS THEREFORE ORDERED this matter is liberally construed as a civil rights action.

IT IS FURTHER ORDERED the clerk of the court shall transmit to the petitioner a form pleading for a federal civil rights complaint.

IT IS FURTHER ORDERED petitioner is granted to and including January 30, 2006, to complete the form and return it to the clerk of the court. Petitioner shall include an explanation of his

efforts to pursue administrative grievances.  The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED**.

DATED:  This 11th day of January, 2006, at Topeka, Kansas.

S/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge

3